In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 29, 2012, as granted that branch of the motion of the defendants which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6).
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) is denied.
Labor Law § 241 (6) “imposes a nondelegable duty of reasonable care upon owners and contractors ‘to provide reasonable and adequate protection and safety’ to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed” (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998], quoting Labor Law § 241 [6]). Section 23-1.4 (b) (13) of the Industrial Code (12 NYCRR) defines “construction work” as including all work “performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures” (emphasis added; see Joblon v Solow, 91 NY2d 457, 466 [1998]; Martinez v City of New York, 73 AD3d 993, 997 [2010]).
The defendants failed to establish their prima facie entitlement to judgment as a matter of law, since they did not demonstrate that the plaintiff, who was injured while power washing *885 buildings in preparation for painting them, was not engaged in a specifically enumerated activity under 12 NYCRR 23-1.4 (b) (13). Painting is an activity enumerated under that provision (see Pittman v S.P. Lenox Realty, LLC, 91 AD3d 738, 739 [2012]), and the power washing performed here was in preparation for, and a contractual part of, the painting work. Accordingly, the power washing did not constitute “routine maintenance” excluded from the ambit of Labor Law § 241 (6), but rather, constituted surface preparation, an integral part of the painting process contemplated by the parties. Therefore, the Supreme Court erred in granting that branch of the defendants’ motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6).
The parties’ contentions regarding the viability of the third-party complaint are not properly before this Court (see CPLR 5515; Hecht v City of New York, 60 NY2d 57, 61 [1983]; Osorio v Kenart Realty, Inc., 48 AD3d 650, 653-654 [2008]; Damiani v Federated Dept. Stores, Inc., 23 AD3d 329, 332 [2005]). Mastro, J.P, Lott, Austin and Roman, JJ., concur.