■ JUAN CARLOS GUANOPATIN, Respondent, v FLUSHING ACQUISITION HOLDINGS, LLC, et al., Appellants. [7 NYS3d 322]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated July 31, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, without costs or disbursements.

On May 24, 2010, the plaintiff, an employee of Roth Metal Works, was performing the task of leveling pre-cast concrete planks as part of the construction of a seven-story building in Brooklyn. He was injured when a pre-cast concrete plank weighing approximately one ton fell from a jack being used to raise the plank, onto one of the plaintiff's hands.

The plaintiff subsequently commenced this action to recover damages pursuant to Labor Law §§ 200, 240 (1) and 241 (6), and for common-law negligence, against the owner of the premises, the defendant Flushing Acquisition Holdings, LLC (hereinafter the owner), and the general contractor, the defendant HSD Construction, LLC (hereinafter HSD Construction). The plaintiff moved for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1), asserting, among other things, that the single jack used to lift the concrete plank was not suitable to protect him from the elevation-related hazard, and that the plank should have been hoisted and/or secured while he was performing the task of leveling the planks. The Supreme Court granted the plaintiff's motion. The defendants appeal.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on so much of

the complaint as alleged a violation of Labor Law § 240 (1). The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was engaged in work within the ambit of the statute and that his injuries were proximately caused by "the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see McCallister v 200 Park, L.P.*, 92 AD3d 927, 929 [2012]; *cf. McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1095 [2012]). Contrary to the defendants' contention, their papers in opposition failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident. The defendants submitted the written statement of the plaintiff's employer, Arnold Roth, wherein Roth indicated that his investigation of the accident revealed that the plaintiff failed to follow the instruction of his foreman to stop working, and instead continued to raise the jack to its maximum level in contravention of the foreman's instructions. However, Roth's written statement was unsworn and not in admissible form. Therefore, this statement was insufficient to raise a triable issue of fact as to whether the plaintiff's actions were the sole proximate cause of the accident (*see Moore v 3 Phase Equestrian Ctr., Inc.*, 83 AD3d 677, 679 [2011]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626 [1998]; *DiMuro v Town of Babylon*, 210 AD2d 373, 374 [1994]). Moreover, while Roth's deposition testimony contains similar statements, those statements constitute hearsay inasmuch as Roth was merely recounting what he learned from interviewing the plaintiff's foreman, who did not witness the accident. "Although hearsay evidence may be considered in opposition to a motion for summary judgment, such evidence alone is not sufficient to defeat the motion" (*Feinberg v Sanz*, 115 AD3d 705, 707 [2014]; *see 111-38 Mgt. Corp. v Benitez*, 107 AD3d 862, 865 [2013]; *Sprotte v Fahey*, 95 AD3d 1103, 1104-1105 [2012]). Since the defendants failed to submit any other admissible evidence in opposition to the plaintiff's motion, they failed to raise a triable issue of fact as to whether the plaintiff's alleged failure to follow his foreman's instructions was the sole proximate cause of his injuries.

Further, contrary to the defendants' contention, the plaintiff established, prima facie, that HSD Construction was the general contractor on this construction project within the meaning of Labor Law § 240 (1) (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]), and HSD Construction failed to raise a triable issue of fact in opposition. "A party which has the authority to enforce safety standards and choose responsible subcontractors is considered a contractor under Labor Law § 240 (1)"

(*Williams v Dover Home Improvement*, 276 AD2d 626, 626 [2000]; *see Myles v Claxton*, 115 AD3d 654, 655 [2014]; *Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]; *Futo v Brescia Bldg. Co.*, 302 AD2d 813, 814 [2003]). HSD Construction's status as a contractor under Labor Law § 240 (1) is dependent upon whether it had the authority to exercise control over the work, not whether it actually exercised that right (*see Walls v Turner Constr. Co.*, 4 NY3d at 864; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *Williams v Dover Home Improvement*, 276 AD2d 626 [2000]). HSD Construction admitted that it was the "general contractor" in response to a notice to admit. Furthermore, HSD Construction's managing partner testified at his deposition that HSD Construction was the general contractor, that HSD Construction contracted with the plaintiff's employer and other subcontractors to perform the construction work, and that both the managing partner and another HSD Construction partner were present at the work site at various times. Since HSD Construction had the authority to choose the subcontractors who did the work, and entered into contracts with them, it had the authority to exercise control over the work, even if it did not actually do so (*see Walls v Turner Constr. Co.*, 4 NY3d at 864; *Williams v Dover Home Improvement*, 276 AD2d 626 [2000]; *cf. Myles v Claxton*, 115 AD3d at 655-656). Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.