■ Seonn Seales et al., Respondents-Appellants, v Trident Structural Corp., Respondent, and 138 West 46th Street Realty Company, LLC, et al., Appellants-Respondents, et al., Defendants. (And Third-Party Actions.) [38 NYS3d 49]—

In an action to recover damages for personal injuries, etc., (1) the defendants 138 West 46th Street Realty Company, LLC, and 2794 Broadway Acquisitions, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 5, 2014, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for summary judgment on their cross claims for common-law and contractual indemnification insofar as asserted against the defendant Trident Structural Corp., and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and (2) the defendants 138 West 46th Street Realty Company, LLC, and 2794 Broadway Acquisitions, LLC, appeal, as limited by their brief, from so much of an order of the same court dated September 19, 2014, as granted that branch of the cross motion of the defendant Trident Structural

Corp. which was for summary judgment dismissing their cross claims for common-law and contractual indemnification insofar as asserted against it, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the cross motion of the defendant Trident Structural Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order dated August 5, 2014, is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants 138 West 46th Street Realty Company, LLC, and 2794 Broadway Acquisitions, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 200, and common-law negligence insofar as asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order dated August 5, 2014, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 19, 2014, is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendant Trident Structural Corp. which were for summary judgment dismissing the cross claims of the defendants 138 West 46th Street Realty Company, LLC, and 2794 Broadway Acquisitions, LLC, for common-law and contractual indemnification insofar as asserted against it and for summary judgment dismissing the plaintiffs' causes of action alleging a violation of Labor Law §§ 241 (6) and 200, and common-law negligence insofar as asserted against it and substituting therefor provisions denying those branches of its cross motion; as so modified, the order dated September 19, 2014, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On July 21, 2008, the plaintiff Seonn Seales (hereinafter the plaintiff) was installing a new sprinkler system as part of a renovation and construction project in a building owned by the defendants 138 West 46th Street Realty Company, LLC, and 2794 Broadway Acquisitions, LLC (hereinafter 2794 Broadway; hereinafter together the owners). While ascending a staircase from the fifth to the sixth floor, the plaintiff allegedly was hit in the head and rendered unconscious by a piece of falling sheetrock. Although the plaintiff's employer, Safety Fire Sprinkler Corp., had provided him with a hard hat, he was not wearing it at the time of the accident.

The defendant Trident Structural Corp. (hereinafter Trident) was the contractor responsible for, among other things,

carpentry, structural work, framing, roofing, and sheetrock installation. Stephan Bohdanowycz, Trident's president, testified at his deposition that, shortly after the accident, he observed several four-feet-by-eight-feet sheets of sheetrock leaning against the wall on the sixth floor. One sheet had fallen away from the wall and was leaning against a railing, and a portion of that sheet was broken away. A jagged piece of sheetrock approximately 8 inches by 12 inches in size was on the landing of the fifth floor of the stairs leading to the sixth floor. There was an extension cord running from the fifth floor to an outlet on the sixth floor on the same wall against which the sheetrock was leaning.

By contrast, the plaintiff's coworker, Brian Peters, testified at his deposition that the piece of sheetrock that fell into the stairwell in the vicinity of the plaintiff was approximately the size of an entire sheet of sheetrock.

The plaintiff, and his wife suing derivatively, commenced this action against, among others, Trident and the owners (hereinafter collectively the defendants) asserting causes of action alleging violations of Labor Law §§ 240 (1), 241 (6) and 200, and common-law negligence. The owners asserted cross claims against Trident for common-law and contractual indemnification.

The plaintiffs moved for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1). The owners cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for summary judgment on their cross claims against Trident for common-law and contractual indemnification. Trident cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

In an order dated August 5, 2014, the Supreme Court, inter alia, denied the plaintiffs' motion for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1) and denied the owners' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and for summary judgment on their cross claims against Trident for common-law and contractual indemnification. In an order dated September 19, 2014, the Supreme Court granted Trident's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The owners and the plaintiffs appeal and cross appeal, respectively, from both orders.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1). "Labor Law § 240 (1) . . . requires owners and contractors to provide proper protection to those working on a construction site. It imposes absolute liability where the failure to provide such protection is a proximate cause of a worker's injury" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662 [2014] [citation omitted]). "In order to prevail on summary judgment in a section 240 (1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein' " (*id.* at 662, quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). "Essentially, the plaintiff must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 662-663 [citations and internal quotation marks omitted]). "[F]or section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell . . . because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268 [emphasis omitted]).

However, Labor Law § 240 (1) "does not apply in situations in which a hoisting or securing device of the type enumerated in the statute would not be necessary or expected" (*Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 965 [2013]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). Here, the sheetrock, which was being stored against a wall, was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268), nor was it expected, under the circumstances of this case, that the sheetrock would require securing for the purposes of the undertaking at the time it fell (*see Moncayo v Curtis Partition Corp.*, 106 AD3d at 965). In opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In light of the foregoing, the plaintiffs' motion for summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action also was properly denied.

However, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the

cause of action alleging a violation of Labor Law § 241 (6). "Labor Law § 241 (6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2012]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]). "To prevail on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards" (*Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d at 728; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). The plaintiffs rely solely upon an alleged violation of 12 NYCRR 23-1.8 (c) (1), which provides: "[e]very person required to work or pass within any area where there is a danger of being struck by falling objects or materials or where the hazard of head bumping exists shall be provided with and shall be required to wear an approved safety hat." In order to prevail on a Labor Law § 241 (6) cause of action premised upon a violation of 12 NYCRR 23-1.8 (c) (1), the plaintiff must establish "that the job was a 'hard hat' job, and that the plaintiff's failure to wear a hard hat was a proximate cause of his injury" (*McLean v 405 Webster Ave. Assoc.*, 98 AD3d 1090, 1095 [2012] [citations and internal quotation marks omitted]). Here, the defendants failed to eliminate triable issues of fact as to whether work on the site had progressed to the point that there was no longer a danger of being struck by falling objects or materials (*see Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 826 [2009]; *see also McLean v 405 Webster Ave. Assoc.*, 98 AD3d at 1095).

Moreover, although Trident established, prima facie, that it was not an agent subject to liability under the Labor Law, in opposition, the plaintiffs raised a triable issue of fact as to whether Trident was an agent of the owners or a general contractor. "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (*Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 864 [2005]). In opposition to Trident's motion, the plaintiffs submitted a transcript of the deposition of Daniel Erber, a minority shareholder of 2794 Broadway, in which he testified, among other things, that Trident was a general contractor retained to oversee the entire project, to coordinate the subcontractors, and to instruct the subcontractors, including

the plaintiff's employer, as to how the work was to be completed. This testimony was sufficient to raise triable issues of fact as to whether Trident was a general contractor or an agent of the owners subject to liability under the Labor Law (*see Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

Labor Law § 200 "is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*id.* at 61). Here, the plaintiffs allege that the accident was caused by a dangerous or defective premises condition at the work site. "Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where work was being undertaken, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence" (*Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1046 [2012]; *see Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 147 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]).

Here, the owners established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violation of Labor Law § 200 and common-law negligence by establishing that they did not create or have actual or constructive notice of the alleged dangerous condition involving the placement of the sheetrock (*see Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d at 1046). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Palacios v 29th St. Apts, LLC*, 110 AD3d 698, 699 [2013]). Therefore, the Supreme Court should have granted those branches of the owners' motion which were for summary judgment dismissing the causes of action alleging violation of Labor Law § 200 and common-law negligence.

However, Trident, whose workers were engaged in sheetrocking at the project site at the time of the accident, failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violation of Labor Law § 200 and common-law negligence because it failed to establish that it did not create or have constructive notice of the alleged dangerous condition (*see White v Village of Port*

*Chester*, 92 AD3d 872, 876 [2012]; *Harsch v City of New York*, 78 AD3d 781, 783 [2010]). Accordingly, that branch of Trident's cross motion which was for summary judgment dismissing those causes of action should have been denied.

Further, the owners failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim against Trident for contractual indemnification. While "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]), here, there are questions of fact as to whether the owners and Trident intended to be bound by the indemnification clause of the unsigned contract.

Additionally, Trident failed to establish its prima facie entitlement to judgment as a matter of law dismissing the owners' cross claim for contractual indemnification insofar as asserted against it. Trident did not eliminate triable issues as to whether the parties had no intent to be bound. Assuming for the purposes of Trident's motion that the parties agreed to be bound by the terms of the unsigned contract, the indemnification clause provided, in relevant part, "To the fullest extent permitted by law . . . the Contractor shall indemnify and hold harmless the Owner . . . from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Work . . . *but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts they may be liable*, regardless of whether or not such claim, damage, loss, or expense is caused in part by a party indemnified hereunder" (emphasis added). Trident failed to establish, prima facie, that the accident was not caused by the negligent acts of its employees, agents, or subcontractors and, therefore, the branch of its motion which was for summary judgment dismissing the owners' cross claim for contractual indemnification insofar as asserted against it should have been denied (*cf. Mikelatos v Theofilaktidis*, 105 AD3d 822, 824 [2013]).

Finally, since there are unresolved issues of fact as to whether Trident's alleged negligence or nonperformance of an act totally within its province caused the accident, the branch of the owners' cross motion which was for summary judgment on their cross claim for common-law indemnification was properly denied (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]; *see also Assevero v Hamilton & Church Props., LLC*, 131 AD3d 553, 558 [2015]), and that branch of

Trident's cross motion which was for summary judgment dismissing the owners' cross claim for common-law indemnification insofar as asserted against it should have been denied (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 523 [2010]; *cf. McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.