■ JUSTIN BERNER, Respondent-Appellant, v TOWN OF CHEEKTOWAGA, Appellant-Respondent. [56 NYS3d 710]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered April 20, 2016. The order denied in part and granted in part the motion of defendant for summary judgment and denied the cross motion of plaintiff for partial summary judgment.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by granting defendant's motion in its entirety and dismissing the complaint, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he fell from a ladder while repairing a vacant home located in defendant, Town of Cheektowaga (Town). The Town contracted with plaintiff's employer to perform the work on the vacant home under the Town's statutory authority to repair vacant homes within its borders (see Town of Cheektowaga Code § 70-7 [A] [5]). At the time of the accident, plaintiff was standing on a ladder and replacing a board on the exterior of the house, when bees flew out of the hole and startled plaintiff. As he began to descend the ladder, he fell and injured his left arm.

The Town moved for summary judgment dismissing the complaint and contended, inter alia, that the Labor Law §§ 240 (1) and 241 (6) causes of action should be dismissed on the ground that the Town was not an owner of the property nor a general contractor for the project. In the alternative, the Town contended that, if it was an owner of the property for the purposes of the Labor Law, then the homeowner exemption to Labor Law liability was applicable. Plaintiff opposed the motion and cross-moved for summary judgment on his section 240 (1) claim. The Town appeals and plaintiff cross-appeals from an order that granted that part of the Town's motion with respect to the section 200 and common-law negligence claims, denied that part of the motion seeking dismissal of the claims under sections 240 (1) and 241 (6), and denied the cross motion. We modify the order by granting the Town's motion in its entirety and dismissing the complaint.

We agree with the Town that it established as a matter of law that it is not liable for plaintiff's injuries under Labor Law §§ 240 (1) and 241 (6) inasmuch as it was not an owner of the property or a general contractor on the project. For the purposes of the Labor Law, the term "owner" encompasses the titleholder of the property where the accident occurred, as well as "a person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit" (Farruggia v Town of Penfield, 119 AD3d 1320, 1321 [2014], lv denied 24 NY3d 906 [2014] [internal quotation marks omitted]). Here, the Town did not hold title to the property, nor did it have any interest in the property (see id. at 1321; cf. Larosae v American Pumping, Inc., 73 AD3d 1270, 1272-1273 [2010]; Reisch v Amadori Constr.

*Co.*, 273 AD2d 855, 856 [2000]). Furthermore, even assuming, arguendo, that the Town was an owner of the property, we conclude that the Town would be entitled to the homeowner exemption under the Labor Law (*see Castro v Mamaes*, 51 AD3d 522, 522-523 [2008]; *see generally Fawcett v Stearns*, 142 AD3d 1377, 1378-1379 [2016]; *Byrd v Roneker*, 90 AD3d 1648, 1650 [2011]).

We further conclude that the Town established as a matter of law that it was not a general contractor on the project (*see generally Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]; *Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]). The Town submitted evidence establishing that no Town employees were on the job site, plaintiff's employer, and not the Town, directed plaintiff to the job site, and the Town did not have the authority to direct plaintiff with respect to the method and manner in which he would perform the work. Thus, the Town established that it was not a general contractor inasmuch as it was not "responsible for coordinating and supervising the project" (*Mulcaire*, 45 AD3d at 1428 [internal quotation marks omitted]; *see generally Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464, 465 [2000]; *Feltt v Owens*, 247 AD2d 689, 691 [1998]), and plaintiff failed to raise a question of fact.

Finally, we note that plaintiff on his cross appeal has abandoned any contention that the court erred in granting those parts of the Town's motion seeking summary judgment dismissing his Labor Law § 200 and common-law negligence claims (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]). Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.