Llamas v Yu Yu Chen (2021 NY Slip Op 03580)





Llamas v Yu Yu Chen


2021 NY Slip Op 03580


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2019-08687
 (Index No. 701147/17)

[*1]Elvin Llamas, respondent,
v
Yu Yu Chen, appellant.


O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Ira E. Goldstein of counsel), for appellant.
Bisogno & Meyerson, LLP (The Law Offices of Judah Z. Cohen, PLLC, Woodmere, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard G. Latin, J.), entered June 13, 2019. The order, insofar as appealed from, in effect, denied those branches of the defendant's motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon Industrial Code (12 NYCRR) § 23-1.8(c)(4), and the cause of action alleging common-law negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging common-law negligence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff was employed by a nonparty contractor to work on a project involving, among other things, exterior brick and tile work, at premises owned by the defendant. On the day of the accident, the plaintiff was assigned to powerwash the chimney at the premises. He was not supplied with gloves and, allegedly, while he was performing his work, the solution in the powerwasher, which contained a corrosive substance, dripped onto his hands, causing severe burns.
The plaintiff subsequently commenced this action to recover damages for violations of Labor Law §§ 200 and 241(6), and common-law negligence. The defendant moved for summary judgment dismissing the complaint. By order entered June 13, 2019, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the Labor Law § 200 cause of action, and, in effect, denied those branches of the motion which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon violation of Industrial Code (12 NYCRR) § 23-1.8(c)(4), and the common-law negligence cause of action. The defendant appeals.
"'Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully [*2]frequenting, all areas in which construction, excavation or demolition work is being performed'" (Rodriguez v 250 Park Ave., LLC, 161 AD3d 906, 908, quoting Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). "Section 23-1.4(b)(13) of the Industrial Code (12 NYCRR) defines 'construction work' as including all work 'performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures'" (Dixson v Waterways at Bay Pointe Home Owners Assn., Inc., 112 AD3d 884, 884 [emphasis omitted]; see Martinez v City of New York, 73 AD3d 993, 997).
Here, the defendant failed to demonstrate, prima facie, that, at the time of the accident, the plaintiff was not engaged in a specifically enumerated activity under 12 NYCRR 23-1.4(b)(13) (see Dixson v Waterways at Bay Pointe Home Owners Assn., Inc., 112 AD3d at 884-885). In particular, the evidence submitted on the defendant's motion failed to eliminate triable issues of fact as to whether the activity in which the plaintiff was engaged at the time of the accident was part of a broader construction or demolition project taking place at the defendant's premises, so as to come within the protection of Labor Law § 241(6) (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54; cf. Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881-882).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon Industrial Code (12 NYCRR) § 23-1.8(c)(4), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the common-law negligence cause of action. The defendant demonstrated, prima facie, that the plaintiff's claim arose out of the means and methods of the work, and that she did not have the authority to supervise or control the performance of the work (see Villada v 452 Fifth Owners, LLC, 188 AD3d 1292; Ortega v Puccia, 57 AD3d 54, 62-63). The plaintiff, who did not offer any arguments in opposition to this branch of the defendant's motion, did not raise a triable issue of fact.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CHAMBERS, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court