Nucci v County of Suffolk (2022 NY Slip Op 02423)

Nucci v County of Suffolk

2022 NY Slip Op 02423

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-10207
 (Index No. 14544/15)

[*1]Anthony Nucci, appellant, 
v
County of Suffolk, et al., respondents (and a third-party action).

Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (William P. Hepner and David M. Schwarz of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (James R. Scott of counsel), for respondent County of Suffolk.
Brody, O'Connor & O'Connor, Northport, NY (Patricia A. O'Connor and Aisha K. Brosnan of counsel), for respondent Town of Babylon.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated July 15, 2019. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them, and denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant Town of Babylon which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Town of Babylon, and one bill of costs to the defendant County of Suffolk payable by the plaintiff.
In June 2013, the defendant County of Suffolk acquired title to a one-family house in Copiague by tax deed for non-payment of real estate taxes. On November 6, 2014, the defendant Town of Babylon issued Resolution No. 766, authorizing an emergency board up of the house, which had no running water and was deemed a nuisance and imminent danger. On November 7, 2014, the plaintiff's employer, nonparty Cipco Boarding (hereinafter Cipco), directed him to the subject property, where his supervisor instructed him to board up the house. While the plaintiff was boarding up a window on the second floor, a strong gust of wind allegedly caused the ladder on which the plaintiff was standing to shift, and the plaintiff fell, allegedly sustaining injuries.
In 2015, the plaintiff commenced the instant action asserting causes of action, inter alia, alleging violations of Labor Law §§ 240(1) and 241(6). The County and the Town separately [*2]moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff opposed the motions, and cross-moved for summary judgment on the issue of liability. By order dated July 15, 2019, the Supreme Court, among other things, granted those branches of the separate motions of the Town and the County which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them, and denied those branches of the plaintiff' cross motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff appeals.
"Labor Law § 240 requires contractors and property owners, engaged in, among other things, the construction, demolition, or repair of buildings or structures, to furnish or erect scaffolding, ladders, pulleys, ropes, and other safety devices, which must be constructed, placed, or operated as to give proper protection for workers" (Ortega v Puccia, 57 AD3d 54, 58; see Labor Law § 240[1]; Seales v Trident Structural Corp., 142 AD3d 1153, 1156). "The statute is intended to protect workers from gravity-related occurrences stemming from the inadequacy or absence of enumerated safety devices" (Ortega v Puccia, 57 AD3d at 58, citing Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268). "The duties articulated in Labor Law § 240 are nondelegable, and liability is absolute as to the general contractor or owner when its breach of the statute proximately causes injuries" (Ortega v Puccia, 57 AD3d at 58; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662; Seales v Trident Structural Corp., 142 AD3d at 1156).
Labor Law § 241(6), "which applies to contractors and owners engaged in construction, excavation, and demolition activities, requires that the work be constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate protection and safety to persons employed therein" (Ortega v Puccia, 57 AD3d at 60; see Labor Law § 241[6]). The obligations of Labor Law § 241(6) are nondelegable (see Morton v State of New York, 15 NY3d 50, 55; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502).
The Supreme Court properly granted those branches of the County's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it, and denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on those causes of action insofar as asserted against the County. Labor Law §§ 240(1) and 241(6) contain identical provisions expressly exempting owners of one- and two-family dwellings who contract for but do not direct or control the work (see id. §§ 240[1]; 241[6]; Ortega v Puccia, 57 AD3d at 58, 60). In order to satisfy its prima facie burden on the basis of these exemptions, a moving defendant is required to demonstrate not only that their house was a one- or two-family residence, "but also, that they did not 'direct or control' the work being performed" (Ortega v Puccia, 57 AD3d at 58, quoting Labor Law § 240[1]; see Sanders v Sanders-Morrow, 177 AD3d 920, 921; Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048; Garcia v Pond Acquisition Corp., 131 AD3d 1102, 1103).
Here, the County demonstrated that it owned the one-family residence at which the work was being performed, and that it did not direct or control the work being done (see Diaz v Trevisani, 164 AD3d 750, 753; Rodriguez v Mendlovits, 153 AD3d 566, 568; Abdou v Rampaul, 147 AD3d 885, 886). In opposition, the plaintiff failed to raise a triable issue of fact. We reject the plaintiff's contention that the County cannot rely upon the homeowners's exemption because it is a municipality (see Berner v Town of Cheektowaga, 151 AD3d 1636, 1638; see also Assevero v Hamilton & Church Props., LLC, 131 AD3d 553, 556; Allen v Fiori, 277 AD2d 674, 675).
However, the Supreme Court should not have granted those branches of the Town's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. A party which has the authority to enforce safety standards and choose responsible subcontractors is considered a contractor under Labor Law §§ 240(1) and 241(6) (see Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813-814; Williams v Dover Home Improvement, 276 AD2d 626, 626). The Town's status as a contractor under Labor Law §§ 240(1) and 241(6) is dependent upon whether it had the authority to exercise control over the work, [*3]not whether it actually exercised that right (see Kavouras v Steel-More Contr. Corp., 192 AD3d at 784; Johnsen v City of New York, 149 AD3d 822, 822; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d at 814).
Although the Town demonstrated, prima facie, that it was not a contractor on the project within the meaning of Labor Law §§ 240(1) and 241(6) (see Berner v Town of Cheektowaga, 151 AD3d at 1638), in opposition, the plaintiff raised a triable issue of fact as to the Town's status as a contractor within the meaning of those provisions. The plaintiff submitted evidence that the Town had the authority to choose the contractor who did the work, the Town entered into the contract with Cipco, and representatives of the Town were present while the plaintiff performed the work (see Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d at 814; Williams v Dover Home Improvement, 276 AD2d at 626).
Contrary to the Town's contention, the plaintiff's work of boarding up the house, thus making it uninhabitable, was "altering" the premises within the meaning of Labor Law § 240(1), as it constituted a significant physical change to the configuration or composition of the building (see Joblon v Solow, 91 NY2d 457, 465; Goodwin v Dix Hills Jewish Ctr., 144 AD3d 744, 746; Santiago v Rusciano & Son, Inc., 92 AD3d 585, 586). Further, as the work the plaintiff was engaged in constituted "alteration," it was within the scope of "construction work" for purposes of Labor Law § 241(6) (see 12 NYCRR 23-1.4[b][13]; Joblon v Solow, 91 NY2d at 466; Dixson v Waterways at Bay Pointe Home Owners Assn., Inc., 112 AD3d 884, 884; Fuchs v Austin Mall Assoc., LLC, 62 AD3d 746, 747).
Nevertheless, the Supreme Court properly denied those branches of the plaintiff's cross motion which were summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the Town. The plaintiff's cross motion was untimely and, contrary to the plaintiff's contention, was not made on nearly identical grounds to the defendants' motions (see Lozzi v Fuller Rd. Mgt. Corp., 175 AD3d 1815, 1816; Guallpa v Leon D. DeMatteis Constr. Corp., 121 AD3d 416, 420). In any event, because there are triable issues of fact regarding whether the Town was a contractor under Labor Law §§ 240(1) and 241(6), the plaintiff was not entitled to summary judgment on the issue of liability on those causes of action insofar as asserted against the Town (see Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 974-975).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court