Villanueva v O'Mara Org., Inc. (2022 NY Slip Op 02646)

Villanueva v O'Mara Org., Inc.

2022 NY Slip Op 02646

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 161236/17 Appeal No. 15755 Case No. 2021-03066 

[*1]Pedro Villanueva, Plaintiff-Respondent,
v
The O'Mara Organization, Inc., et al., Defendants-Appellants.

Farber Brocks & Zane L.L.P., Garden City (Charles T. Ruhl of counsel), for appellants.
Queller, Fisher, Washor, Fuchs & Kool and The Law office of William A. Gallina, LLP, Bronx (David L. Engelsher of counsel), for respondent.

Order, Supreme Court, New York County (James Edward d'Auguste, J.), entered on or about July 9, 2021, which, to the extent appealed from, granted so much of plaintiff's motion as was for partial summary judgment on the issue of liability on his common-law negligence claim as against defendants The O'Mara Organization, Inc. (O'Mara) and Armor Electrical Corp. (Armor), unanimously modified, on the law, to deny plaintiff's motion as to O'Mara, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured while working as a freight elevator operator for nonparty Macklowe Management, Inc. (Macklowe) at premises owned by defendant 311 West 43rd Venture (311) and managed by Macklowe. Previously, Macklowe, as 311's agent, had contracted with O'Mara to serve as the general contractor for a construction project occurring on either the tenth or eleventh floor of the premises. O'Mara, in turn, subcontracted with Armor to perform the electrical work on the project. Materials were brought via the freight elevator. Thus, plaintiff's role was to bring workers and materials between the ground floor and the work site. The accident occurred when an Armor employee stacked an unbundled group of electrical metallic tubes (EMTs) against the wall next to the freight elevator on the ground floor. As plaintiff was exiting the elevator on the ground floor, one of the EMTs toppled hitting him in the head.
Under these facts, plaintiff was properly awarded partial summary judgment on the issue of liability on his common-law negligence claim as against Armor, which caused and created the dangerous condition that injured plaintiff (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]).
However, plaintiff was not entitled to partial summary judgment on the issue of liability on his common-law negligence claim as against O'Mara. Plaintiff's injuries arose not from the manner in which the work was being performed, but rather, from an allegedly dangerous condition on the property, namely the improper stacking of the EMTs against the wall (see Seales v Trident Structural Corp., 142 AD3d 1153 [2d Dept 2016] [Genuine issue of fact existed as to whether contractor, whose employees were engaged in sheetrocking at project site, had constructive notice of alleged dangerous condition of sheetrock being stored against wall]). Under such circumstances, a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877-878 [1993]). Here, plaintiff did not establish prima facie entitlement to judgment as a matter of law where he failed to establish that O'Mara, as general contractor, had either actual or constructive notice of the allegedly dangerous condition. Rather than presenting evidence on notice, plaintiff speculates that O'Mara was on constructive notice of the dangerous condition [*2]which caused plaintiff's accident because it knew, or should have known, that materials (i.e. EMTs) would have been placed by the elevator as they awaited transport.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022