Sandoval-Morales v 164-20 N. Blvd., LLC (2024 NY Slip Op 04933)

Sandoval-Morales v 164-20 N. Blvd., LLC

2024 NY Slip Op 04933

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 158954/17 Appeal No. 2731 Case No. 2023-03024 

[*1]Ramonda Sandoval-Morales, Plaintiff-Respondent,
v
164-20 Northern Boulevard, LLC, Defendant-Respondent-Appellant, Capital Builders Group, Inc., Defendant-Appellant-Respondent, New Era Mechanical Corp., Defendant-Respondent.

Capital Builders Group, Inc., Third-Party Plaintiff-Appellant-Respondent,
v
Paramount Painting Company, L.L.C., Third-Party Defendant-Respondent.

164-20 Northern Boulevard, LLC, Second Third-Party Plaintiff-Respondent-Appellant,
v
Paramount Painting Group, LLC, Second Third-Party Defendant-Respondent.

New Era Mechanical Corp., Third Third-Party Plaintiff-Respondent,
v
Paramount Painting Company, LLC., Third Third-Party Defendant-Respondent,

164-20 Northern Boulevard, LLC, Fourth Third-Party Plaintiff-Respondent- Appellant,
v
Flushing bank, Fourth Third-Party Defendant-Respondent.

Kahana & Feld LLP, New York (Emma Schwab of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent-appellant.
The Platta Law Firm, PLLC, New York (Michael L. Taub of counsel), for Ramona Morales, respondent.
Gallo Vitucci Klar LLP, New York (Edward Tobin of counsel), for New Era Mechanical Corp., respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Paul Golden of counsel), for Paramount Painting Group, LLC, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered May 26, 2023, which, to the extent appealed from as limited by the briefs, denied, as untimely, defendant/second third-party plaintiff 164-20 Northern Boulevard, LLC's (Northern) cross-motion for summary judgment, and denied those branches of defendant/third-party plaintiff Capital Builders Group, Inc.'s (Capital) motion for summary judgment dismissing plaintiff's Labor Law §§ 241 (6) and 200 and common-law negligence claims and all common-law indemnification and contribution claims as against it, and on its contractual indemnification claims against defendant/third third-party plaintiff New Era Mechanical Corp. (New Era) and third-party defendant Paramount Painting Company, L.L.C./second and third third-party defendant Paramount Painting Group, LLC (Paramount), unanimously affirmed, without costs.
This personal injury action stems from an accident that occurred at a construction site. Northern owned the premises where the work was taking place and leased it to fourth third-party defendant Flushing Bank (Flushing). Flushing hired Capital to be the general contractor for the work, which, in turn, hired New Era to be the plumbing subcontractor and Paramount to be the painting subcontractor. Plaintiff was in the course of her employment with Paramount as a painter apprentice at the time of her accident.
Plaintiff's accident occurred while she was washing paint buckets in a slop sink in a janitor's closet on the first floor of the premises. The testimony establishes that there was a ladder in the closet and that tiles were missing in the ceiling of that closet. Plaintiff alleges that her accident occurred when an object, later identified to be an electrovalve, fell through the missing tiles in the ceiling and struck her in the head. A New Era plumber, however, testified that he had left the electrovalve on top of the ladder in the closet after being summoned by Capital's superintendent. Before leaving, and at Capital's superintendent's direction, the plumber closed the door to the closet and put caution tape in front of it.
The court's preliminary conference order required that summary judgment motions be filed within 60 days of the filing of the note of issue. More than two months after the note of issue was filed, Northern purported to cross-move, against Flushing's motion, for summary judgment both dismissing, in effect, the complaint and on its common-law indemnification claims against Capital and New Era. However, Northern's cross-motion was incorrectly labeled as such because it sought relief solely against parties other than Flushing; accordingly, it was an untimely separate motion for summary judgment (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 87-88 [1st Dept 2013]). Therefore, it was incumbent upon Northern to offer good cause for its delay in moving for summary judgment within the prescribed timeframe (see generally Brill v City of New York, 2 NY3d 648, 652[*2][2004]). Because Northern failed to do so, Supreme Court providently exercised its discretion in declining to hear Northern's untimely motion.
The court also properly denied Capital summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Liability under Labor Law § 200 and common-law negligence may be based on either the means or methods by which the work is performed or a dangerous premises condition (see e.g. Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406 [1st Dept 2018]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). The distinction between the two is nuanced, and a triable issue of fact can exist as to which standard applies, or whether both standards apply (see Cackett v Gladden Props., LLC, 183 AD3d 419, 420-421 [1st Dept 2020]). Here, issues of fact exist as to whether Capital actually exercised supervisory control over the work so as to be liable for the means and methods of New Era's work, insofar as Capital's superintendent allegedly called New Era's plumber away from his work and gave him instructions on how to seal off the area before leaving (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Cappabianca, 99 AD3d at 144). Issues of fact also remain as to whether the dangerous condition involved in plaintiff's accident was, as she testified, the missing tiles in the janitor closet's ceiling, and, if so, whether Capital had notice, actual or constructive, of that condition (see id.).
Supreme Court also correctly denied Capital summary judgment dismissing the Labor Law § 241 (6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.8 (c) (1), which provides, as relevant here, "Every person required to work or pass within any area where there is a danger of being struck by falling objects or materials or where the hazard of head bumping exists shall be provided with and shall be required to wear an approved safety hat." This regulation is sufficiently specific to support a Labor Law § 241 (6) claim (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686, 687 [1st Dept 2017]). Contrary to Capital's argument, this regulation does not require plaintiff to establish that the area in which her accident occurred was normally exposed to falling material or objects. Rather, a plaintiff may establish a violation of 12 NYCRR 23-1.8 (c) (1) by showing "'that the job was a "hard hat" job, and . . . the plaintiff's failure to wear a hard hat was a proximate cause of h[er] injury'" (Seales v Trident Structural Corp., 142 AD3d 1153, 1157 [2d Dept 2016] [internal quotation marks omitted]). On the other hand, a defendant may prevail if it establishes that "work on the site had progressed to the point that there was no longer a danger of being struck by falling objects or materials" (id.). Here, issues of fact remain as to whether plaintiff was provided with, or told to wear, a hard hat, and whether a danger of being struck by falling objects [*3]or materials remained on the site or in the area in which plaintiff's accident occurred.
Capital was properly denied summary judgment on its contractual indemnification claims against Paramount and New Era. Capital's contract with Paramount requires Paramount to indemnify Capital for "claim[s] . . . attributable to bodily injury . . . cause [sic] in whole or in part by negligent acts or omissions of [Paramount,]" while Capital's contract with New Era similarly requires New Era to indemnify Capital for "claim[s] . . . attributable to bodily injury . . . to the extent . . . caused in whole or in part by negligent acts or omissions of [New Era.]" Thus, both agreements have negligence triggers, requiring proof both of Paramount's and New Era's negligence and that their negligence caused or contributed to plaintiff's accident. Given that issues of fact exist not only as to Paramount and New Era's negligence, but also as to Capital's, summary judgment in Capital's favor on its contractual indemnification claims is premature (see Cackett, 183 AD3d at 422).
Finally, Capital was properly denied summary judgment dismissing the common-law indemnification and contribution claims as against it, in light of the issues of fact as
to its negligence (see e.g. Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444 [1st Dept 2022]; Berihuete v 565 W. 139th St., L.P., 171 AD3d 667, 667 [1st Dept 2019]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024