Rojas v 616 First Ave., LLC (2026 NY Slip Op 00164)

Rojas v 616 First Ave., LLC

2026 NY Slip Op 00164

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03551
2023-12134
 (Index No. 708648/15)

[*1]Victor Rojas, respondent, et al., plaintiff, 
v616 First Avenue, LLC, et al., appellants.

Wood Smith Henning & Berman LLP (Kahana & Feld LLP, New York, NY [Timothy R. Capowski, John F. Watkins, and Adam Amirault], of counsel), for appellants.
Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Kenneth J. Gorman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 13, 2023, and (2) an order of the same court entered April 24, 2023. The order entered March 13, 2023, granted the motion of the plaintiff Victor Rojas for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b). The order entered April 24, 2023, insofar as appealed from, denied those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b).
ORDERED that the order entered March 13, 2023, is affirmed; and it is further,
ORDERED that the order entered April 24, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Victor Rojas.
The plaintiff Victor Rojas (hereinafter the plaintiff) allegedly sustained personal injuries while working on a construction project inside a building, when he fell approximately nine feet while attempting to nail a three-by-four piece of wood into a beam in order to level plywood prior to cement being poured. The plaintiff testified at his deposition that the three-by-four piece of wood shifted, causing him to fall, and that although he was wearing a harness that had a self-retracting lifeline, the lifeline extended 15 to 20 feet and did not stop his fall from the 9-foot height to the concrete floor below. The plaintiff further testified that there was no setting for the self-retracting lifeline to extend less than 15 to 20 feet.
The plaintiff, and his wife suing derivatively, commenced this action against the defendants, 616 First Avenue, LLC (hereinafter the owner), the owner of the building, and JDS Construction Group, LLC (hereinafter JDS), which allegedly was functioning as a general contractor on the project. The plaintiff alleged, inter alia, that the defendants had violated Labor Law §§ 240(1) and 241(6). Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b). The defendants cross-moved, among other things, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b). In an order entered March 13, 2023, the Supreme Court granted the plaintiff's motion, and in an order entered April 24, 2023, the court, inter alia, denied those branches of the defendants' cross-motion. The defendants appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by demonstrating that he was engaged in work covered by the statute and that he was not provided with adequate safety equipment to prevent him from falling (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Harjo-Codd v Tishman Constr. Corp., 233 AD3d 542; Stigall v State of New York, 189 AD3d 469; Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 925). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (see Yaucan v Hawthorne Vil., LLC, 155 AD3d 924).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 850; see Medina v 1277 Holdings, LLC, 234 AD3d 839).
Here, the evidence submitted by the plaintiff established his prima facie entitlement to judgment as a matter of law on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.16(b), which requires the safety device at issue to "be so arranged that if the user should fall such fall shall not exceed five feet" (see Stigall v State of New York, 189 AD3d at 470). In opposition, the defendants failed to raise a triable issue of fact.
Further, contrary to the defendants' contention, the plaintiff established, prima facie, that JDS was the general contractor on this construction project within the meaning of Labor Law §§ 240(1) and 241(6) (see Walls v Turner Constr. Co., 4 NY3d 861, 863; Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813), and JDS failed to raise a triable issue of fact in opposition. "A party which has the authority to enforce safety standards and choose responsible subcontractors is considered a contractor under Labor Law §§ 240(1) and 241(6)" (Nucci v County of Suffolk, 204 AD3d 817, 820; see Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784). "A role of general supervision is insufficient to impose liability" (Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856 [internal quotation marks omitted]). Here, JDS's contract with the owner indicated that JDS had more than general supervisory powers, as, inter alia, it was to "arrange for an adequate supply of workmen, materials and equipment," "supervise the performance of the Work by Trade Contractors," and "[c]losely supervise all concrete and steel erection operations," and it had the duty to supervise all safety precautions. In addition, the contract contained a "form" contract that JDS was expected to use when hiring subcontractors, which included a provision stating that JDS had "the right to exercise complete supervision and control over the [w]ork to be done" by the subcontractors and had the right to have any employee or subcontractor removed from the site who it deemed to be incompetent.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b). For the same reasons, the court properly denied those branches of the defendants' cross-motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.16(b).
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court