Kavouras v Steel-More Contr. Corp. (2021 NY Slip Op 01402)





Kavouras v Steel-More Contr. Corp.


2021 NY Slip Op 01402


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-03505
 (Index No. 25295/11)

[*1]Alexandros Kavouras, respondent,
v
Steel-More Contracting Corp., et al., defendants, Triborough Bridge and Tunnel Authority, et al., appellants.


McCarthy & Associates, Melville, NY (Marianne Arcieri of counsel), for appellants Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for appellant Ammann & Whitney Consulting Engineers, P.C.
Avanzino & Moreno, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels appeal, and the defendant Ammann & Whitney Consulting Engineers, P.C., separately appeals, from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated January 9, 2019. The order, insofar as appealed from, denied those branches of the separate motions of the defendants Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels, and the defendant Ammann & Whitney Consulting Engineers, P.C., which were for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(e)(2) insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels, and the defendant Ammann & Whitney Consulting Engineers, P.C., appearing separately and filing separate briefs.
The plaintiff commenced this consolidated action against, among others, the defendants Triborough Bridge and Tunnel Authority and MTA Bridges and Tunnels (hereinafter together the transit defendants) and the defendant Ammann & Whitney Consulting Engineers, P.C. (hereinafter Ammann), alleging, inter alia, a Labor Law § 241(6) cause of action predicated upon a violation of 12 NYCRR 23-1.7(e)(2).
The plaintiff's employer, nonparty Corcon Painting (hereinafter Corcon), was hired to paint the towers of the Verrazzano-Narrows Bridge, owned and operated by the transit defendants. Ammann, a consultant engineer, was hired by the transit defendants. At his deposition, the plaintiff testified that Corcon used a box truck to house paint drums and pumps, which delivered paint [*2]through various spray lines to "spray guns" used by painters on the bridge towers. The plaintiff was instructed by his supervisor to go into the truck and mix paint. The plaintiff testified that he entered the truck and saw, among other things, containers of paint, the pumps, and "trash [that was] thrown on the floor," including buckets, lid covers, and boxes that had been used by employees of Corcon while painting. The plaintiff picked up a five-gallon container of paint and walked approximately three feet when his foot "hit a spray line," and he "lost [his] balance" and fell. The plaintiff testified that although he saw several spray lines in the truck before he fell, he did not see the spray line that he tripped over before he fell because "[t]here was garbage" covering it.
The transit defendants and Ammann separately moved, inter alia, for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(e)(2) insofar as asserted against each of them. In an order dated January 9, 2019, the Supreme Court, among other things, denied those branches of those separate motions. The transit defendants and Ammann separately appeal. We affirm.
To prevail on a cause of action to recover damages for a violation of Labor Law § 241(6), a plaintiff must set forth a violation of a specific rule or regulation promulgated by the Commissioner of the Department of Labor (see Brown v Brause Plaza, LLC, 19 AD3d 626, 628). Here, the plaintiff alleged a violation of 12 NYCRR 23-1.7(e)(2), which requires that "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."
The transit defendants and Ammann failed to demonstrate, prima facie, that the garbage that allegedly obscured the plaintiff's view of the spray line did not constitute a violation of 12 NYCRR 23-1.7(e)(2), or that such violation did not proximately cause the plaintiff's accident (see Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 489; Nankervis v Long Is. Univ., 78 AD3d 799, 800; Caceres v Ciampa Org., 47 AD3d 432, 433; Singh v Young Manor, Inc., 23 AD3d 249). Additionally, those defendants failed to demonstrate, as a matter of law, that the condition was integral to the work being performed (see Ramsey v Leon D. DeMatteis Constr. Corp., 79 AD3d 720, 723; Quinn v Whitehall Props., II, LLC, 69 AD3d 599).
Further, Amman failed to demonstrate, prima facie, that it was not a statutory agent
for the purpose of liability under Labor Law § 241(6). "Labor Law § 241(6) places on owners, contractors, and their agents a nondelegable duty to keep areas in which construction work is being performed safe for those employed at such places" (Everitt v Nozkowski, 285 AD2d 442, 443). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Linkowski v City of New York, 33 AD3d 971, 974-975; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317—318; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946; Williams v Dover Home Improvement, 276 AD2d 626). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Linkowski v City of New York, 33 AD3d at 975; see Delahaye v Saint Anns School, 40 AD3d 679, 683; Damiani v Federated Dept. Stores, Inc., 23 AD3d 329, 332). The determinative factor is whether the defendant had "the right to exercise control over the work, not whether it actually exercised that right" (Williams v Dover Home Improvement, 276 AD2d at 626; see Johnsen v City of New York, 149 AD3d 822; Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d at 946).
Here, Ammann failed to eliminate triable issues of fact as to whether it was delegated
the authority and responsibility to correct unsafe conditions at the work site and to ensure that the plaintiff's employer carried out its work in a safe manner (see Walls v Turner Constr. Co., 4 NY3d 861, 864; Valdez v Turner Constr. Co., 171 AD3d 836, 839; Pino v Irvington Union Free School Dist., 43 AD3d 1130, 1131; Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493).
Accordingly, the Supreme Court properly denied those branches of the separate motions of the transit defendants and Ammann which were for summary judgment dismissing so [*3]much of the Labor Law § 241(6) cause of action as was predicated upon a violation of 12 NYCRR 23-1.7(e)(2) insofar as asserted against each of them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court