Navarra v Hannon (2021 NY Slip Op 04611)





Navarra v Hannon


2021 NY Slip Op 04611


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-09478
 (Index No. 8069/15)

[*1]Thomas Navarra, appellant,
v
Maura Hannon, et al., respondents.


Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow, NY (Michael F. McGowan of counsel), for respondent Maura Hannon.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Tod S. Fichtelberg of counsel), for respondents Joseph Petruzza and JNF Mechanical.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondents Alexander Sabke and Alex's Electrical Maintenance Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 8, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Joseph Petruzza and JNF Mechanical, the defendants Alexander Sabke and Alex's Electrical Maintenance Corp., and the defendant Maura Hannon which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
As a result of Hurricane Sandy, the subject property, a single-family house owned by the defendant Maura Hannon, was rendered uninhabitable. After hiring a contractor to remove water, mold, and damaged sheetrock from the property, Hannon hired the defendants Alexander Sabke and Alex's Electrical Maintenance Corp. (hereinafter together the Sabke defendants) to restore power to the property and perform necessary electrical repairs. Sabke restored power to the upper level of the property in November 2012 and agreed to return to perform necessary electrical repairs to the first floor after the house was raised further off the ground.
Hannon subsequently hired nonparty JMBOC, the plaintiff's employer, to complete structural repairs to the property. According to the plaintiff's deposition testimony, on December 19, 2013, the plaintiff, a laborer, was directed by the project foreman to move several steel columns, which were six feet in length and weighed "about a couple hundred pounds each," and pass them over a seven- or eight-foot-tall concrete wall to the foreman, who was inside the interior of the structure. While the plaintiff was lifting one of the columns over the wall, he lost his footing and [*2]slipped, which caused his right hand to become pinned between the steel column and the wall.
The plaintiff subsequently commenced this personal injury action against Hannon, the Sabke defendants, and the defendants Joseph Petruzza and JNF Mechanical (hereinafter together the Petruzza defendants), asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Following the completion of discovery, Hannon, the Sabke defendants, and the Petruzza defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered June 8, 2018, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against each of them. The plaintiff appeals.
The Supreme Court properly granted that branch of the Petruzza defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them. "'Labor Law § 241(6) places on owners, contractors, and their agents a nondelegable duty to keep areas in which construction work is being performed safe for those employed at such places'" (Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784, quoting Everitt v Nozkowski, 285 AD2d 442, 443). "'A party is deemed to be an agent of an owner or general contractor under the Labor Law when [he or she] has supervisory control and authority over the work being done where a plaintiff is injured'" (Sanders v Sanders-Morrow, 177 AD3d 920, 922, quoting Linkowski v City of New York, 33 AD3d 971, 974-975). "'To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition'" (Kavouras v Steel-More Contr. Corp., 192 AD3d at 784, quoting Linkowski v City of New York, 33 AD3d at 975). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right" (Bakhtadze v Riddle, 56 AD3d 589, 590 [internal quotation marks omitted]; see Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571).
Here, the deposition testimony and other evidence submitted by the Petruzza defendants established, prima facie, that they were not the owners, general contractors, or agents of the general contractor or the owner with regard to the plaintiff's work (see Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571-572; Sanders v Sanders-Morrow, 177 AD3d at 922; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697). Critically, Petruzza was never at the property while the plaintiff was working there. Petruzza's role was merely to complete the paperwork for two building permits with the Town of Hempstead, which were unrelated to the plaintiff's work at the property. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
For similar reasons, the Supreme Court properly granted that branch of the Petruzza defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. "Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165). Where, as here, the plaintiff's injuries arise from the manner in which the work is performed, to be held liable under Labor Law § 200, "a defendant must have the authority to exercise supervision and control over the work" (Torres v City of New York, 127 AD3d at 1165 [internal quotation marks omitted]; see Sanders v Sanders-Morrow, 177 AD3d at 923; Ortega v Puccia, 57 AD3d 54, 61). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62; see Sanders v Sanders-Morrow, 177 AD3d at 923). Here, the Petruzza defendants' submissions established, prima facie, that they did not have the authority to supervise or control the method or manner in which the plaintiff's work was performed (see Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 865; Sanders v Sanders-Morrow, 177 AD3d at 923). In opposition, the [*3]plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Supreme Court properly granted that branch of the Sabke defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against them. The Sabke defendants' submissions established, prima facie, that they were not the owners, general contractors, or agents of the general contractor or the owner of the property with regard to the plaintiff's work (see Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571-572; Sanders v Sanders-Morrow, 177 AD3d at 922). Sabke, who was hired directly by Hannon, was only responsible for certain electrical repairs which were done in 2012, prior to the plaintiff's accident, and in 2014, subsequent to the plaintiff's accident, and was never at the property in 2013 while the plaintiff was working there, whereas the plaintiff's employer, who was also hired directly by Hannon, was described by both Hannon and the plaintiff as the general contractor for the construction project. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
For similar reasons, the Supreme Court properly granted that branch of the Sabke defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against them. The Sabke defendants established, prima facie, that they did not have the authority to supervise or control the method or manner in which the plaintiff's work was performed (see Boody v El Sol Contr. & Constr. Corp., 180 AD3d at 865; Sanders v Sanders-Morrow, 177 AD3d at 923). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Supreme Court properly granted that branch of Hannon's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against her. "The homeowner exemption to liability under Labor Law § 240(1) is available to owners of one- and two-family dwellings who contract for the performance of work on the premises, but who do not direct or control the work" (Nicholas v Phillips, 151 AD3d 731, 731). This exemption is also available to shield defendants from liability under Labor Law § 241(6) (see Garcia v Pond Acquisition Corp., 131 AD3d 1102, 1103). "In order to be entitled to the protection of the homeowner's exemption, the homeowner must demonstrate (1) that the work was conducted at a dwelling that is a residence for only one or two families, and (2) that the homeowner did not direct or control the work" (Sanders v Sanders-Morrow, 177 AD3d at 921; see Ortega v Puccia, 57 AD3d at 58-60). Under the second prong, "'the relevant inquiry is the degree to which the owner supervised the method and manner of the actual work being performed by the injured employee'" (Wadlowski v Cohen, 150 AD3d 930, 931, quoting Jenkins v Jones, 255 AD2d 805, 805-806). However, general supervision with respect to the project, providing instructions related to the aesthetic appearance of the work, and inspecting the work to assess progress are insufficient to meet the requisite direction or control necessary to fall outside the protections of the homeowners' exemption (see Campanello v Cinquemani, 179 AD3d 763, 764; Affri v Basch, 45 AD3d 615, 616, affd 13 NY3d 592; Arama v Fruchter, 39 AD3d 678, 679), since these actions are "no more extensive than would be expected of the typical homeowner who hired a contractor to renovate his or her home" (Orellana v Dutcher Ave. Bldrs., Inc., 58 AD3d 612, 614; see DiMaggio v Cataletto, 117 AD3d 984, 985-986).
Here, Hannon established, prima facie, that she was the owner of a single-family home and that she did not direct or control the work performed by the plaintiff or his employer (see Salgado v Rubin, 183 AD3d 617, 618; Chavez-Lezama v Kun Gao, 173 AD3d 826, 827; cf. Rajkumar v Lal, 170 AD3d 761, 762). While Hannon testified at her deposition that she visited the property several times per week to "[p]ick up the mail, check on progress, say hello," her deposition testimony, along with that of the plaintiff, established that she never directed the work of JMBOC or its employees. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). Contrary to the plaintiff's contention, the fact that Hannon hired separate contractors to perform different aspects of the work on her property does not render her "a general contractor, responsible for supervising the entire construction project and enforcing safety standards" (Holifield v Seraphim, LLC, 92 AD3d 841, 842-843; see Nai Ren Jiang v Shane Yeh, 95 AD3d 970, 972; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 850; Rodas v Weissberg, 261 [*4]AD2d 465).
For similar reasons, the Supreme Court properly granted that branch of Hannon's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against her. Hannon established, prima facie, that she did not have the authority to supervise or control the method or manner in which the plaintiff's work was performed (see Lazo v Ricci, 178 AD3d 811, 813; Abdou v Rampaul, 147 AD3d 885, 887). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The parties' remaining contentions have been rendered academic in light of our determination.
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court