Southerton v City of New York (2022 NY Slip Op 01828)





Southerton v City of New York


2022 NY Slip Op 01828


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-09354
 (Index No. 710345/15)

[*1]Joshua Southerton, appellant, 
v
City of New York, respondent, et al., defendants (and a third-party action).


Brody, O'Connor & O'Connor, New York, NY (Scott A. Brody of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Russell J. McBrearty of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated June 28, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant City of New York which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant City of New York.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2015, the plaintiff commenced this personal injury action against the defendant City of New York, among others, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) arising out of repair work the plaintiff was undertaking on a residence in Rockaway Beach that had been damaged by Hurricane Sandy (hereinafter the project). The plaintiff alleged that he was an employee of a subcontractor who was retained by the general contractor on the project to complete certain aspects of the project. According to the plaintiff, in March 2015, he was working at the project cutting planks of wood with a hand-held powered saw when the saw malfunctioned, severing the pinky finger on his left hand.
Following the completion of discovery, the City moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff then withdrew his Labor Law § 240(1) cause of action, opposed the City's motion, and cross-moved, inter alia, for summary judgment on the Labor Law § 241(6) cause of action insofar as asserted against the City. In an order dated June 28, 2019, the Supreme Court, among other things, granted those branches of the City's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for summary judgment on the Labor Law § 241(6) cause of action insofar as asserted against the City. The plaintiff appeals.
The Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against it. "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Linkowski v City of New York, 33 AD3d 971, 974-975; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Linkowski v City of New York, 33 AD3d at 975; see Ortega v Puccia, 57 AD3d 54, 61-62). "The determinative factor" (Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784) as to a party's status as a statutory agent "is whether the defendant had 'the right to exercise control over the work, not whether it actually exercised that right'" (id. at 784, quoting Williams v Dover Home Improvement, 276 AD2d 626, 626).
Here, the contracts and other evidence submitted by the City established, prima facie, that it was not the owner, general contractor, or an agent of the owner or general contractor with regard to the plaintiff's work (see Navarra v Hannon, 197 AD3d 474, 476). The contracts and other agreements in the record show that the City only had general supervisory authority to oversee the progress of the work, not authority to exercise supervision and control over the work that brought about the plaintiff's injury (see Lamar v Hill Intl., Inc., 153 AD3d 685, 686). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
For similar reasons, the Supreme Court properly granted those branches of the City's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. "Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165). "Where, as here, the plaintiff's injuries arise from the manner in which the work is performed, to be held liable under Labor Law § 200, 'a defendant must have the authority to exercise supervision and control over the work'" (Navarra v Hannon, 197 AD3d at 476, quoting Torres v City of New York, 127 AD3d at 1165). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). Here, the City's submissions established, prima facie, that it did not have the authority to supervise or control the method or manner in which the plaintiff's work was performed (see Navarra v Hannon, 197 AD3d at 477). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The plaintiff also failed to establish, prima facie, that the City was an agent of the owners or general contractors for purposes of his cross motion for summary judgment on the Labor Law § 241(6) cause of action insofar as asserted against the City. The Supreme Court therefore properly denied that branch of the plaintiff's cross motion, without regard to the sufficiency of the City's opposition (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court