Argueta v Hall & Wright, LLC (2024 NY Slip Op 04445)

Argueta v Hall & Wright, LLC

2024 NY Slip Op 04445

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-03666
 (Index No. 602608/19)

[*1]Jose Daniel Santiago Argueta, appellant, 
v
Hall and Wright, LLC, et al., respondents.

Ferro, Kuba, Mangano, P.C., Hauppauge, NY (Michael N. Manolakis and Kenneth Mangano of counsel), for appellant.
Rebore Thorpe & Pisarello, Farmingdale, NY (Michelle S. Russo of counsel), for respondent Hall and Wright, LLC.
Cuomo LLC, Mineola, NY (Steven R. Engrassia of counsel), for respondent 520X Residential, LLC.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 14, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Hall and Wright, LLC, and 520X Residential, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In April 2017, the plaintiff, then employed as a carpenter for MCJM Custom Builders of Long Island, Inc. (hereinafter MCJM), allegedly sustained injuries while working on a home renovation project at a property in Southampton. The defendant 520X Residential, LLC (hereinafter 520X), which owned the property, hired MCJM to serve as the project's general contractor and hired the defendant Hall and Wright, LLC (hereinafter H & W), as the construction manager. At the time of the accident, the plaintiff was working on the home's sloped roof and installing a bracket on its ridge to create a tie-off point for roofers. While performing this work, the plaintiff lost his balance, slid down the side of the roof, and fell to the ground in front of the home.
The plaintiff thereafter commenced this action against the defendants to recover damages for injuries allegedly sustained in the accident. In the complaint, the plaintiff asserted causes of action alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Following the completion of discovery, the defendants separately moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated April 14, 2022, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against each of them. The plaintiff appeals.
As an initial matter, even though the plaintiff failed to submit a paragraph-by-paragraph response to H & W's statement of material facts, the Supreme Court was not required to deem the assertions therein admitted by the plaintiff. Contrary to H & W's contention, "blind adherence to the procedure set forth in 22 NYCRR 202.8-g [wa]s not required," even though the rule—which has since been amended—included "mandatory language" at the time the court determined H & W's motion (Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-851 [internal quotation marks omitted]; see On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481-1482; cf. Taveras v Incorporated Village of Freeport, 225 AD3d 822, 823).
Nonetheless, the Supreme Court properly granted those branches of H & W's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. "Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Thorpe v One Page Park, LLC, 208 AD3d 818, 820 [internal quotation marks omitted]). In contrast, "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]). "Although a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site pursuant to Labor Law §§ . . . 240(1)[ ] and 241(6), it may nonetheless become responsible if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" (Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 855-856 [internal quotation marks omitted]). Under either statute, "[a] party is deemed to be an agent of an owner or general contractor . . . when it has supervisory control and authority over the work being done where a plaintiff is injured" (Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784 [internal quotation marks omitted]). "An agent's liability is limited to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created" (Lamar v Hill Intl., Inc., 153 AD3d 685, 686 [internal quotation marks omitted]). Therefore, to impose statutory agent liability pursuant to the Labor Law, "the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Southerton v City of New York, 203 AD3d 977, 979 [internal quotation marks omitted]). By contrast, "[a] role of general supervision is insufficient to impose liability" (Giannas v 100 3rd Ave. Corp., 166 AD3d at 856 [internal quotation marks omitted]). Further, "[i]t is not a defendant's title that is determinative" (Linkowski v City of New York, 33 AD3d 971, 975). Instead, "[t]he determinative factor . . . is whether the defendant had the right to exercise control over the work, not whether it actually exercised that right" (Southerton v City of New York, 203 AD3d at 979 [citations and internal quotation marks omitted]).
In support of its motion, H & W submitted, inter alia, transcripts of the deposition testimony of the plaintiff and of Bryan McGowin, H & W's principal, as well as a proposal issued by H & W and signed by the managing member of 520X. According to McGowin's unrebutted testimony, H & W played a role in coordinating and monitoring the progress of the project, but MCJM hired subcontractors (see Grochowski v Ben Rubins, LLC, 81 AD3d 589, 591-592; Wendel v Pillsbury Corp., 205 AD2d 527, 528; cf. Temperino v DRA, Inc., 75 AD3d 543, 545). McGowin's testimony, as corroborated by the plaintiff's testimony, also established that H & W did not direct any of the project's workers as to the means and methods of their work (see Myles v Claxton, 115 AD3d 654, 655-656; Delahaye v Saint Anns School, 40 AD3d 679, 684). Contrary to the plaintiff's contention, McGowin's testimony that he could have "stop[ped] the work" by "talk[ing] to [a worker's] boss" if he had observed an unsafe work practice or condition was insufficient to establish that H & W was a statutory agent under the circumstances presented (see Giannas v 100 3rd Ave. Corp., 166 AD3d at 856; Lamar v Hill Intl., Inc., 153 AD3d at 686; cf. Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493-494). Nor did H & W's proposal, which primarily focused on a larger project that was eventually abandoned and which expressly related only to "preconstruction services," raise a triable issue of fact as to whether H & W exercised the requisite "supervisory control and authority over the work being done where [the] plaintiff [wa]s injured" (Kavouras v Steel-More Contr. Corp., 192 AD3d at 784 [internal quotation marks omitted]). Instead, H & W's submissions [*2]demonstrated, prima facie, that it "only had general supervisory authority to oversee the progress of the work, not authority to exercise supervision and control over the work that brought about the plaintiff's injury" (Southerton v City of New York, 203 AD3d at 979; see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 598; cf. Seem v Premier Camp Co., LLC, 200 AD3d 921, 926). In opposition to H & W's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Southerton v City of New York, 203 AD3d at 979).
The Supreme Court also properly granted those branches of 520X's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against it. Both statutes "contain[ ] language . . . exempting from [their] application owners of one and two-family dwellings who contract for but do not direct or control the work" (Ortega v Puccia, 57 AD3d 54, 60 [internal quotation marks omitted]). The homeowner's exemption serves "to protect residential homeowners lacking in sophistication or business acumen from their failure to recognize the necessity of insuring against the strict liability imposed by the statute[s]" (id. at 58 [internal quotation marks omitted]). "The intent of the homeowner's exemption was to make the law fairer and more reflective of the practical realities governing the relationship between homeowners and the individuals they hire to perform construction work on their homes" (Valencia v Glinski, 219 AD3d 541, 543 [internal quotation marks omitted]). However, "[t]he exemption was not intended to insulate from liability owners who use their one- or two-family houses purely for commercial purposes" (Pawelic v Siegel, 220 AD3d 883, 884 [internal quotation marks omitted]). For example, "[r]enovating a residence for resale or rental plainly qualifies as work being performed for a commercial purpose" (id. [internal quotation marks omitted]). "Applicability of the exemption turns on whether the site and purpose of the work was connected to the owner's residential use of the property" (Marquez v Mascioscia, 165 AD3d 912, 913) and "must be based on the owner's intentions at the time of the injury" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 721). Moreover, "[t]he statutory phrase 'direct or control' is construed strictly and refers to situations where the owner supervises the method and manner of the work" (Ortega v Puccia, 57 AD3d at 59; see Santibanez v North Shore Land Alliance, Inc., 197 AD3d 1123, 1126). "In order to be entitled to the protection of the homeowner's exemption, [a defendant] must demonstrate (1) that the work was conducted at a dwelling that is a residence for only one or two families, and (2) that the [defendant] did not direct or control the work" (Sanders v Sanders-Morrow, 177 AD3d 920, 921; see Nucci v County of Suffolk, 204 AD3d 817, 819).
Here, 520X demonstrated, prima facie, that it did not direct or control the method and manner of the work performed during the renovation project and that the subject home was a single-family residence (see Nucci v County of Suffolk, 204 AD3d at 819; Sanders v Sanders-Morrow, 177 AD3d at 921). In support of its motion, 520X submitted, inter alia, transcripts of the deposition testimony of Laura Sillerman, one of its members, and of McGowin. Contrary to the plaintiff's contention, 520X's submissions established that the site and purpose of the project was connected to its members' residential use of the property (see Marquez v Mascioscia, 165 AD3d at 913). Sillerman testified that, at the time of the plaintiff's accident, she intended to reside in the home with her husband, who is now deceased, upon completion of the project. McGowin corroborated Sillerman's testimony on this point. Sillerman and her husband's initial plan to renovate the home as one aspect of a larger project did not render the homeowner's exemption inapplicable, since, among other reasons, that plan had changed by the time of the accident (see Valencia v Glinski, 219 AD3d at 543-545; Farias v Simon, 122 AD3d 466, 467-468; cf. Batzin v Ferrone, 140 AD3d 1102, 1103-1104). In opposition to 520X's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Nucci v County of Suffolk, 204 AD3d at 819).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court