Oliveira v Rockaway Vil. Hous. Dev. Fund Corp. (2025 NY Slip Op 05956)

Oliveira v Rockaway Vil. Hous. Dev. Fund Corp.

2025 NY Slip Op 05956

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-02261
 (Index No. 708223/20)

[*1]Dalison De Queiroga Oliveira, appellant,
v
Rockaway Village Housing Development Fund Corporation, et al., respondents.

Geroulakis Law, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains, NY (Michael A. Flake of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated March 22, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(e)(2).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(e)(2) are denied.
In May 2020, the plaintiff, an employee of RC Structures, allegedly was injured on a construction site when he purportedly tripped over a shovel. The plaintiff commenced this action against the defendants, Rockaway Village Housing Development Fund Corporation, the owner of the property, and Lettire Construction Corp., the general contractor overseeing the construction project, alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendants moved, inter alia, for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(e)(2). In an order dated March 22, 2022, the Supreme Court, among other things, granted those branches of the defendants' motion. The plaintiff appeals.
"Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Bayron Chay Mo v Ultra Dimension Place, LLC, 236 AD3d 721, 723 [internal quotation marks omitted]; see Martinez v Shore Oaks, LLC, 235 AD3d 959, 960). "To establish liability under Labor [*2]Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Bayron Chay Mo v Ultra Dimension Place, LLC, 236 AD3d at 723 [internal quotation marks omitted]; see Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1258).
Here, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(e)(2). The defendants failed to eliminate all triable issues of fact as to whether they violated 12 NYCRR 23-1.7(e)(2) by allegedly permitting an accumulation of debris, dirt, scattered tools, and materials (see Velasquez v RS JZ Driggs, LLC, 232 AD3d 700, 700-701). Additionally, contrary to the defendants' contentions, their submissions in support of their motion for summary judgment, including a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether the shovel that allegedly caused the accident was an "integral part" of the work the plaintiff was completing at the time of the accident (O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; see Murphy v 80 Pine, LLC, 208 AD3d 492, 497).
The Supreme Court also erred in granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Labor Law § 200 is a "codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Southerton v City of New York, 203 AD3d 977, 979 [internal quotation marks omitted]; see Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Southerton v City of New York, 203 AD3d at 979-980 [internal quotation marks omitted]; see Torres v City of New York, 127 AD3d 1163, 1165). As relevant here, "[w]here a plaintiff's injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (Ramos v Kent & Wythe Owners, LLC, 236 AD3d 693, 697 [internal quotation marks omitted]; see Hamm v Review Assoc., LLC, 202 AD3d 934, 938).
Here, the plaintiff's accident arose from an allegedly dangerous condition on the premises, not the manner in which the work was performed. The defendants failed to establish, prima facie, that they did not have constructive notice of the allegedly dangerous condition that caused the plaintiff's accident (see Ramos v Kent & Wythe Owners, LLC, 236 AD3d 693; Chuqui v Amna, LLC, 203 AD3d 1018, 1022).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(e)(2).
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court