Fahey v Worship House & Outreach Ministries, Inc.
2026 NY Slip Op 03426
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Edward J. Fahey, appellant,
v
Worship House & Outreach Ministries, Inc., et al., defendants, City of New York Department of Housing Preservation and Development, et al., defendants third-party plaintiffs- respondents; Shoe Box City, Inc., etc., third-party defendant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2022-07581, (Index No. 505373/18)
Betsy Barros, J.P.
Paul Wooten
Janice A. Taylor
James P. McCormack, JJ.

Fortunato & Fortunato, PLLC, Brooklyn, NY (Annamarie Fortunato and Louis A. Badolato of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Alex Fumelli, MacKenzie Fillow, and Kevin Osowski of counsel), for defendants third-party plaintiffs- respondents.
John C. DiGiovanna, St. James, NY, for third-party defendant-respondent.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated August 23, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1) insofar as asserted against the defendants third-party plaintiffs, and granted the cross-motion of the defendants third-party plaintiffs for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross-motion of the defendants third-party plaintiffs which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1) insofar as asserted against them, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant third-party plaintiff New York City Department of Buildings (hereinafter DOB) issued emergency declarations directing the demolition of two abutting buildings located on the same lot in Brooklyn (hereinafter together the premises). DOB provided notice of the emergency declarations to the owner of the premises, the defendant Worship House & Outreach Ministries, Inc. (hereinafter the owner), and informed the owner that if it did not take action to remediate the dangerous conditions, the defendant third-party plaintiff City of New York would hire a demolition contractor to carry out the work at the owner's expense. Upon the owner's failure to take appropriate action, the defendant third-party plaintiff New York City Department of Housing [*2]Preservation and Development (hereinafter HPD, and collectively with DOB and the City, the City defendants), on behalf of the City, contracted with the third-party defendant, Shoe Box City, Inc. (hereinafter Shoe Box), to perform the demolition.
On May 9, 2017, the plaintiff, an employee of Shoe Box, allegedly sustained injuries during the course of the demolition work, when a hand-held power saw malfunctioned while he was cutting planks of wood. The plaintiff commenced this action against the City defendants, among others, alleging violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved, inter alia, for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1) insofar as asserted against the City defendants, and the City defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated August 23, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion and granted the City defendants' cross-motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Novegil-Peralta v Rettig, 240 AD3d 796, 798 [internal quotation marks omitted]). "Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718 [internal quotation marks omitted]; see Southerton v City of New York, 203 AD3d 977, 978-979). These provisions "permit the imposition of liability on owners, contractors, and their agents" (Novegil-Peralta v Rettig, 240 AD3d at 798). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Southerton v City of New York, 203 AD3d at 979 [internal quotation marks omitted]; see Novegil-Peralta v Rettig, 240 AD3d at 798). "To impose such liability, the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Southerton v City of New York, 203 AD3d at 979 [internal quotation marks omitted]; see Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571). "The determinative factor is whether the party had the right to exercise control over the work, not whether it actually exercised that right" (Fiore v Westerman Constr. Co., Inc., 186 AD3d at 571 [internal quotation marks omitted]).
Here, the evidence submitted by the plaintiff in support of his motion failed to eliminate triable issues of fact as to whether the City defendants maintained a sufficient degree of supervision or control over the means and methods of the demolition work to be held liable as an owner, contractor, or agent under Labor Law § 241(6) (see Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784; cf. Southerton v City of New York, 203 AD3d at 979; Lamar v Hill Intl., Inc., 153 AD3d 685, 686). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1) insofar as asserted against the City defendants, without regard to the sufficiency of the City defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have also denied that branch of the City defendants' cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.12(c)(1) insofar as asserted against them. Contrary to the City defendants' contention, they failed to establish that they were shielded from liability by the governmental function immunity defense. This "'defense provides immunity for the exercise of discretionary authority during the performance of a governmental function'" (Cappiello v City of Glen Cove, 232 AD3d 844, 845 [internal quotation marks omitted], quoting Ferreira v City of Binghamton, 38 NY3d 298, 311; see Grasso v New York State Thruway Auth., 159 AD3d 674, 677). However, "[g]overnmental entities acting in furtherance of a proprietary function will be subject to liability under ordinary principles of tort law" (Grasso v New York State Thruway Auth., 159 AD3d at 677 [*3][internal quotation marks omitted]). "The relevant inquiry in determining whether a governmental agency is acting within a governmental or proprietary capacity is to examine 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Grasso v New York State Thruway Auth., 159 AD3d at 677 [internal quotation marks omitted], quoting Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447).
Here, the "specific act" which is alleged to have caused the plaintiff's injury was the City defendants' supervision of, and involvement in, the demolition work, during which the City defendants were acting in a proprietary capacity and, thus, subject to liability under ordinary principles of tort law (see Grasso v New York State Thruway Auth., 159 AD3d at 677; Iacampo v State of New York, 267 AD2d 963, 964; cf. Cappiello v City of Glen Cove, 232 AD3d 844; Trenholm-Owens v City of Yonkers, 197 AD3d 521, 523).
Turning to the merits, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against them by submitting deposition testimony which established that the City defendants only had general supervisory authority to oversee the progress of the work, not authority to exercise supervision and control over the work that brought about the plaintiff's injury (see Southerton v City of New York, 203 AD3d at 979; Lamar v Hill Intl., Inc., 153 AD3d at 686). However, in opposition, the plaintiff raised a triable issue of fact with respect to so much the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23.1-5(c)(3) and 23-1.12(c)(1), by submitting, inter alia, a copy of the contract entered into between the City and Shoe Box, which showed that the City defendants had authority to exercise supervision and control over the work (see Southerton v City of New York, 203 AD3d at 979).
Accordingly, the Supreme Court should have denied that branch of the City defendants' cross-motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23.1-5(c)(3) and 23-1.12(c)(1) insofar as asserted against them.
The Supreme Court properly granted that branch of the City defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them. "[T]he extraordinary protections of [Labor Law § 240(1)] in the first instance apply only to a narrow class of dangers" (Canales v Rye Neck Union Free Sch. Dist., 238 AD3d 836, 838 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 957). "Liability may, therefore, be imposed under the statute only where the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97 [internal quotation marks omitted]; see Canales v Rye Neck Union Free Sch. Dist., 238 AD3d at 838; Eddy v John Hummel Custom Bldrs., Inc., 147 AD3d 16, 20).
Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them by submitting evidence demonstrating that the plaintiff's alleged injuries did not result from an elevation-related hazard (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 99; Sullivan v New York Athletic Club of City of N.Y., 162 AD3d at 957; Sheng Hai Tong v K & K 7619, Inc., 144 AD3d 887, 888-890). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
The plaintiff has abandoned on appeal any argument that the Supreme Court should not have granted that branch of the City defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against them, as the plaintiff's brief does not set forth any arguments articulating how this statute was [*4]violated (see Nooney v Queensborough Pub. Lib., 212 AD3d 830, 833; Lupo v Miranda, 186 AD3d 468, 469).
Shoe Box's remaining contention is not properly before us.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court